# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY WHITAKER, individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CIV-21-0074-F |
| ) | |
| NAVISTAR, INC., ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the court is Defendant Navistar, Inc.'s Partial Motion to Dismiss Plaintiff's Amended Complaint. Doc. no. 21. Plaintiff Anthony Whitaker has responded, opposing dismissal. Doc. no. 22. Navistar has replied. Doc. no. 23. Upon due consideration, the court makes its determination.

## I.

In February of 2019, Mr. Whitaker purchased a 2019 International LoneStar truck from one of Navistar's authorized dealers. According to Mr. Whitaker, the truck is defective, and Navistar failed to repair or replace the vehicle. Mr. Whitaker commenced this lawsuit seeking equitable and monetary relief. Upon leave of court, Mr. Whitaker filed a First Amended Complaint, alleging claims for breach of express warranty, breach of implied warranty, and unjust enrichment/opportunistic breach of contract. Navistar moves to dismiss the breach of implied warranty and unjust enrichment/opportunistic breach of contract claims pursuant to Rule 12(b)(6), Fed. R. Civ. P. Navistar argues that its express warranty conspicuously disclaimed any implied warranty, its express warranty precludes an unjust enrichment claim,

1

and Oklahoma law does not, and would not, recognize a claim for opportunistic breach of contract.

## II.

In deciding whether dismissal under Rule 12(b)(6) is appropriate, the court accepts "as true all well-pleaded allegations in the complaint and view[s] them in the light most favorable to the [non-moving party.]" S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014) (quotations omitted). To survive a motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. (quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quotations omitted).

The "nature and specificity of the allegations required to state a plausible claim will vary based on context." S.E.C., 744 F.3d at 641 (quotations omitted). Making that determination requires the court to "draw on its judicial experience and common sense." Id. (quotations omitted).

## III.

*Breach of Implied Warranty*

Navistar asserts that in accordance with Oklahoma law, specifically, 12A O.S. 2011 § 2-316, it effectively disclaimed, in its express warranty, the existence of implied warranties of merchantability and fitness. Navistar attaches to its motion a document entitled "Limited Warranty for . . . LoneStar® Models," which states in relevant part under the bold and underlined heading of "DISCLAIMER" that "NO WARRANTIES ARE GIVEN BEYOND THOSE DESCRIBED HEREIN...THE COMPANY SPECIFICALLY DISCLAIMS WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE."

2

Doc. no. 21-1, p. 2. In light of the conspicuous disclaimer in its express warranty, Navistar argues that Mr. Whitaker's breach of implied warranty claim is precluded and should be dismissed with prejudice under Rule 12(b)(6).

Mr. Whitaker, in response, points out that the document submitted by Navistar states it was "Revised 4/2019," which is two months after he purchased his vehicle. In addition, Mr. Whitaker points out that there is no indication that Mr. Whitaker received this document or that he read it because the document is not signed by him. Mr. Whitaker recognizes that the court, on a Rule 12(b)(6) motion, may consider a document referred to in a complaint and central to a claim if the document is an indisputably authentic copy. However, he disputes the authenticity of Navistar's document and argues that the document is not central his claim. Rather, he argues the document is central to Navistar's affirmative defense. Mr. Whitaker requests the court to reject the evidence or convert the motion into one for summary judgment under Rule 56. If the court rejects the evidence, Mr. Whitaker asserts that Rule 12(b)(6) dismissal is not warranted because he has stated a plausible claim for breach of implied warranty and Navistar's disclaimer affirmative defense is not proven on the face of the amended complaint.

In reply, Navistar concedes that it attached an incorrect version of the Limited Warranty to its motion. The company attaches a copy of another Limited Warranty which was "Revised 8/2017" and asserts that it is applicable to Mr. Whitaker's vehicle. According to Navistar, the Limited Warranty is authentic and central to plaintiff's claim. Although the document is not signed by plaintiff, Navistar maintains that that failure does not cast doubt on the document's authenticity. Navistar further asserts that its disclaimer affirmative defense plainly appears on the face of the complaint in light of the disclaimer's existence in the Limited Warranty.

3

Therefore, it contends that dismissal of the breach of implied warranty claim is appropriate.

It is a well-settled rule that "if a plaintiff does not incorporate by reference or attach a document to [his] complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss."  GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997).  Indeed, "[i]f the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff had relied."  GFF, 130 F.3d at 1385.

Navistar, as stated, submitted its Limited Warranty for the court's consideration, claiming that it is referred to in the amended complaint and is central to Mr. Whitaker's breach of implied warranty claim.  However, Mr. Whitaker disputes the authenticity of the document.  He questions whether the document, which was revised as of "4/2019" is the Limited Warranty applicable to his vehicle.  Although Navistar presents another Limited Warranty in reply which it claims is applicable to Mr. Whitaker's vehicle, the court declines to consider it as the document was presented for the first time in reply.  See, Garcia v. Lemaster, 439 F.3d 1215, 1220 (10th Cir. 2006) (declining to address issues raised for first time in a reply brief).  Because Mr. Whitaker disputes the authenticity of the Limited Warranty relied upon by Navistar in its motion, the court declines to consider the document in adjudicating Navistar's motion.  The court also declines to convert Navistar's motion into one under Rule 56.  Because Navistar's motion relies solely on the Limited Warranty revised as of "4/2019" to support dismissal of the breach

of the implied warranty claim, the court finds that dismissal of the claim is not appropriate.[1]

*Unjust Enrichment*

Next, Navistar asserts that Mr. Whitaker's unjust enrichment claim is precluded because Mr. Whitaker has an adequate remedy at law, the existence of the express warranty. Because Mr. Whitaker has an available contractual remedy, Navistar contends that Mr. Whitaker cannot pursue an equitable remedy and the unjust enrichment claim should be dismissed pursuant to Rule 12(b)(6).

In response, Mr. Whitaker does not specifically address Navistar's argument concerning an unjust enrichment claim. Mr. Whitaker asserts that he has alleged a claim for opportunistic breach of contract.

Navistar, in reply, urges the court to deem its motion confessed under LCvR 7.1(g) with respect to the unjust enrichment claim.

Because it appears that Mr. Whitaker seeks relief based upon an opportunistic breach of contract, the court construes and deems the First Amended Complaint as only asserting such a claim. Therefore, the court concludes that it need not address whether Mr. Whitaker has alleged a plausible claim of unjust enrichment.

*Opportunistic Breach of Contract*

Lastly, Navistar asserts that Mr. Whitaker's opportunistic breach of contract claim is subject to dismissal because Oklahoma law does not, and would not, recognize such a claim. Navistar argues that Oklahoma law would not recognize a claim for opportunistic breach of contract because it results in a disgorgement

---

[1] Although, given this disposition of this prong of Navistar's motion, it is not necessary to dwell in this point, it is worth noting that the disclaimers will do Navistar no good if Navistar cannot establish that they were part of the basis of the bargain struck by Mr. Whitaker and Navistar (through Navistar's authorized dealer) in the purchase transaction. If the warranty document was delivered too late to be integral to the bargain, the disclaimers will be of no avail to Navistar.

remedy and a disgorgement remedy is rejected when an adequate remedy at law exists.

Mr. Whitaker responds that the court, at this stage, should not dismiss his claim since Oklahoma courts have not expressly rejected the claim. He argues that the cases relied upon by Navistar are factually distinguishable from the circumstances alleged in his amended pleading. In addition, Mr. Whitaker contends that the warranty remedies which Navistar contends are available to him are inadequate because they fail of their essential purpose, thus invoking a doctrine firmly embedded in Oklahoma law. *See*, 12A O.S. 2011 § 2-719(2), cmt. 2 to Okla. Code Comment and cmt. 1 to UCC Comment. Mr. Whitaker therefore urges the court to permit his claim of restitution to proceed.

In reply, Navistar urges the court to predict that the Oklahoma Supreme Court would not recognize the opportunistic breach of contract claim. It argues that Oklahoma precedent expressly rejects equitable variations of breach of contract claims, including ones seeking disgorgement, upon which a claim for opportunistic breach of contract is based.

The Restatement (Third) of Restitution and Unjust Enrichment provides in pertinent part:

> If a deliberate breach of contract results in profit to the defaulting promisor and the available damage remedy affords inadequate protection to the promisee's contractual entitlement, the promisee has a claim to restitution of the profit realized by the promisor as a result of the breach. Restitution by the rule of this section is an alternative to a remedy in damages.

Restatement (Third) of Restitution and Unjust Enrichment § 39(1) (2011).

As this court has previously recognized, there is no controlling authority adopting or rejecting this restatement provision. *See*, Neochild, LLC v. Adventist

6

Health System Sunbelt Healthcare Corporation, Case No. CIV-20-588-F, 2020 WL 4937123, at *3 (W.D. Okla. Aug. 24, 2020). The court declines, at this stage, to conclude the alleged opportunistic breach of contract claim is precluded as a matter of law. The court is mindful that a "breach of contract that satisfies the cumulative tests of § 39 is rare." *Id*., Comment: a. *General principles and scope, relation to other sections*. Given that the same factual allegations support all of Mr. Whitaker's alleged claims, the court concludes that it would be best to address this theory of recovery on a fully developed record. The alleged opportunistic breach of contract claim therefore survives dismissal under Rule 12(b)(6).

IV.

Accordingly, Defendant Navistar, Inc.'s Partial Motion to Dismiss Plaintiff's Amended Complaint (doc. no. 21) is **DENIED**.

Dated this 29th day of June, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0074p007.docx